UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT E. JOHNSON,

        Plaintiff,

-against-

195 MILL STREET MARKET; EMPLOYEE "JACOB"; OWNER; 146 MILL STREET MARKET; R&S MARKET,

        Defendants.

24-CV-1879 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who currently is detained at the Dutchess County Jail, brings this action, *pro se*, invoking the court's federal question jurisdiction and alleging that Defendants violated his rights. By order dated March 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Mill Street Market, which is located at 195 Mill Street in Poughkeepsie, New York; the owner of Mill Street Market; Mill Street Market employee

"Jacob"; and R&S Market ("R&S"), which is located at 146 Mill Street in Poughkeepsie.[2] The following allegations are taken from the complaint. On January 26, 2024, Jacob and the owner of 195 Mill Street stole "about 7-8 New York State lottery ticket[s] from the plaintiff that totaled $42,000 plus, using death threats." (ECF 1, at 4.) Over a two-week period, they "pulled guns" on Plaintiff four times and threatened to kill him if he called the police or "kept coming back for stolen tickets." (*Id.*) They also called Plaintiff racial slurs and spit on him.

Between January 1, 2022 and February 6, 2024, the owners of 195 Mill Street and R&S sold Plaintiff and "many others in the community fake, untaxed stamped Newport cigarette[s] which contained unknown dangerous, life altering and resp[irato]ry damages to the plaintiff and members of the community." (*Id.* at 6.)

Between January 1, 2022 and February 8, 2024, the owners of 195 Mill Street and R&S sold alcoholic beverages to underaged individuals and sold alcohol "after hours which is illegal in the United States." (*Id.* at 7.)

Plaintiff requests an investigation and criminal prosecution of Defendants, reimbursement of the $42,000 in lottery ticket winnings, and additional money damages.

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has

---

[2] In the complaint, Plaintiff often refers to Mill Street Market as "195 Mill Street."

subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

A.      **Federal Question Jurisdiction**

To support federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff invokes the Court's federal question jurisdiction, but his allegations do not suggest a viable federal cause of action. To the extent Plaintiff is attempting to assert constitutional claims under 42 U.S.C. § 1983, he may not do so because a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see*

4

*also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a viable Section 1983 claim against them.

Plaintiff also asks the Court to investigate and criminally prosecute Defendants. Plaintiff cannot initiate the arrest and prosecution of an individual in this court, however, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

Because Plaintiff's allegations do not suggest any viable claim arising under the federal law, the Court lacks federal jurisdiction of this action.

**B.      Diversity of Citizenship Jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction of this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Because Plaintiff seeks damages in excess of the $75,000 jurisdictional minimum, the Court will assume, for the purposes of this order, that his claims meet the amount-in-controversy requirement. Plaintiff has not, however, alleged facts demonstrating that the parties are citizens

of different states. For purposes of diversity jurisdiction, a corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos,* 157 F.3d at 948. Ordinarily, "a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead the prisoner retains his pre-incarceration domicile for diversity purposes." *Fermin v. Moriarty*, No. 96-CV-3022 (MBM), 2003 WL 21787351 at *2 (S.D.N.Y. 2003); *see Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979); *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007).

      Here, Plaintiff alleges that he is currently detained in Dutchess County, New York, but he does not state where he was domiciled prior to his detention. Even if the Court assumes that Plaintiff was a citizen of the State of New York prior to his detention, he still does not allege sufficient facts to demonstrate diversity of citizenship. He provides the Poughkeepsie, New York, addresses of the Mill Street stores for all Defendants, but he does not state the residence of the individual defendants. Further, he does not provide the states in which the stores are incorporated or the states of their principal places of business. Because Plaintiff has not alleged facts demonstrating diversity of citizenship between the parties, the Court does not have diversity jurisdiction to consider any state law claims Plaintiff may be asserting.

      The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint that alleges facts demonstrating that the Court has subject matter jurisdiction of the action. If

Plaintiff asserts claims under the Court's federal question jurisdiction in his amended complaint, she must allege facts demonstrating a federal cause of action. If Plaintiff seeks to assert state law claims under the Court's diversity of citizenship jurisdiction in the amended complaint, he must allege facts demonstrating that he and all defendants are citizens of different states and that his claims are worth in excess of the $75,000 jurisdictional threshold.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to demonstrate that the Court has subject matter jurisdiction of his claims, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, s*ee* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

7

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   April 29, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge